IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTIN NEUROSPINE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-cv-672-RP |
| AETNA HEALTH INC., et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendants Aetna Health Inc., Aetna, and Aetna Better Health of Texas, Inc.'s ("Defendants") Motion to Dismiss, (Dkt. 12). (R. & R., Dkt. 32). Defendants and Plaintiff Austin Neurospine ("Plaintiff") timely filed objections to the report and recommendation. (Defs.' Objs., Dkt. 33; Pl.'s Objs., Dkt. 34).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because both parties timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules both parties' objections and adopts the report and recommendation as its own order.

In addition, Plaintiff reiterated its request to amend its complaint in its Objections, and included three bullet points of proposed amendments referencing a "meeting of the minds," "specific, essential terms," and "benefits or consideration." (Dkt. 34, at 8–9). Having reviewed the proposed amendments to the complaint, the Court finds that they amount to unsupported legal

1

conclusions as opposed to permissible amendments to the complaint. Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* For purposes of that inquiry, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" or "tenders naked assertions devoid of further factual enhancement" does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Plaintiff has offered only labels and conclusions and a formulaic recitation of the elements of their breach-of-contract claim. As such, the Court declines to grant Plaintiff leave to amend.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 32), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Dkt. 12), is **GRANTED IN PART**. Plaintiff's causes of action related to the TRS Plan are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's state-law breach of contract causes of action related to the remaining five ERISA Plans are **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that Defendants' Motion to Dismiss, (Dkt. 12), is **DENIED** as to Plaintiff's ERISA, fraud, promissory estoppel, and negligent misrepresentation causes of action.

**SIGNED** on March 20, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE